UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

MARIA ISABEL DE LA PAZ, )
PETITIONER/ PLAINTIFF )
)
v. )
)
JEH JOHNSON, Secretary of Homeland Security, )
JOHN KERRY, Secretary of State, and )
UNITED STATES OF AMERICA, )
RESPONDENTS/ DEFENDANTS )
)

## PETITION FOR WRIT OF HABEAS CORPUS AND
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner/Plaintiff MARIA ISABEL DE LA PAZ, files her Petition for Habeas Corpus, under 8 U.S.C. §1252(e)(2) and 28 U.S.C. §2241, seeking to vacate an order of expedited removal, and any orders purporting to reinstate said order. Pursuant to 8 U.S.C. §1503 with 28 U.S.C. §2201, (denial of rights and privileges as U.S. Citizen), she also seeks a declaration that she is a U.S. citizen by virtue of her birth in a hospital in Houston, Texas, because the U.S. Embassy in Mexico City constructively denied her application for U.S. Passport, as evidenced by their refusal to issue her a passport, although she applied for one on or about July 26, 2013, or even to respond to counsel's letter demanding adjudication of said application. In the alternative, Plaintiff seeks a declaration of U.S. citizenship under 28 U.S.C. §1331, with the Administrative Procedure and Declaratory Judgment Acts, as well as declaratory and injunctive relief, in order to obtain the return of documents confiscated from her when she was detained by the Department of Homeland Security when she attempted to enter the U.S. on January 20, 2014, and to require Defendants to retract any information they may have divulged to any State or Federal Agency, indicating that she was not born in the U.S., and to prohibit any such future communications.

At the moment this action is being filed, Petitioner MARIA ISABEL DE LA PAZ, is within the United States, at the Port of Entry in Brownsville, Texas, but cannot return to her residence in Houston, Texas, because Respondents claim that she is not a U.S. citizen, and have reinstated an order of expedited removal against her, even though she has presented proof that she was born in Jefferson Davis Hospital in Houston, Texas. Exhibit A, Tab 1, incorporated herein.

## I. JURISDICTION AND VENUE

1. Jurisdiction lies under 8 U.S.C. §1252(e)(2) with 28 U.S.C. §2241 (habeas corpus); 8 U.S.C. §1503, (denial of rights and privileges as a U.S. Citizen), and 28 U.S.C. §1331, with the Administrative Procedure and Declaratory Judgment Acts (in order to obtain injunctive and declaratory relief, as an alternative basis for obtaining a declaration of U.S. citizenship, to secure the return of her documents, and to force Defendants to retract any allegations they have made to other agencies that she is not a U.S. citizen). Ms. DE LA PAZ claims a residence within the Southern District of Texas, in Houston, Texas, with her mother and siblings.

2. At the time the petition is being filed, Ms. DE LA PAZ is within the United States, at a port of entry, unable to return to her residence in Houston, Texas, as a result of the abusive and arbitrary acts of Respondents/Defendants.

## II. THE PARTIES

3. Maria Isabel De La Paz was born in July, 1984, at Jefferson Davis Hospital in Houston, Texas.

4. Respondent JEH JOHNSON is the duly appointed and confirmed Secretary of the Department of Homeland Security, and Respondent JOHN KERRY is the duly appointed Secretary of State of the United States. Both are sued in their official capacities only. The United States of America is also a named Defendant.

### III. THE FACTS

5. Maria Isabel De La Paz was born in July, 1984 at Jefferson Davis Hospital in Houston, Texas. Her birth record was timely filed by the hospital. However, when her birth record was filed the Hospital misspelled her last name. Instead of spelling her last name Paz with "z" they spelled it with the letter "s" Pas. Also, the hospital incorrectly wrote that her mother's last name was "Navarro" when it was "Moreno" (See Exhibit A, Tab 1)

6. On November 25, 1984 when Maria Isabel De La Paz was approximately 4 months old she was baptized in Houston, Texas showing that she was born in Houston, Texas on the same day as her Texas Birth Certificate. Her baptismal certificate correctly spells her last name as "Paz" and also her mother's last name as "Moreno". (See Exhibit A, Tab 2)

7. On October 19, 1986, more than two years after the birth of Maria Isabel De La Paz, she was incorrectly registered in Mexico by her parents, indicating that she was born in the State of Michoacan on the same day as her Texas birth certificate. (See Exh. A Tab 3).

8. On August 3, 2003 Maria Isabel De La Paz was expeditiously removed from the United States at the Gateway Port of Entry after the officer who inspected her refused to believe that she was a U.S. citizen. At the time she was 18 years of age and she was told by the Custom and Border Protection Officer who inspected that "she could not have a (valid) Texas Birth Certificate if she couldn't speak English". (See Exhibit A, Tab 4)

9. On July 26, 2013 Maria Isabel De La Paz applied for her U.S. Passport at the U.S. Embassy in Mexico City. At the time of her interview she was given a letter requesting additional evidence - evidence which they apparently wanted to substantiate their

3

belief that she was actually born in Mexico. (See Exhibit A, Tab 5).

10. On October 24, 2013 Maria Isabel De La Paz with the help of counsel, prepared a letter for the U.S. Consulate explaining to the Consulate that she had previously been wrongfully removed from the United States and why she was incorrectly removed by presenting the documents from her two older siblings, who were also born at the Jefferson Davis Hospital in Houston and were also incorrectly registered in Mexico by their parents as having been born in Mexico. (See Exhibit A, Tab 6) The documents from her two older siblings which were presented to the U.S. Embassy in Mexico to document her parents' erroneous custom of registering their U.S. born children in Mexico, as born in Mexico, even though they were born at a Hospital in Houston, Texas.

<u>From Rosendo de La Paz</u>, older brother of Petitioner (Attached as Exhibit A, Tab 7)

a- Texas Birth Certificate of Rosendo de La Paz that shows that he was born in March, 1982 at the Jefferson Davis Hospital in Houston, Texas. His birth record was timely filed in March 22, 1984 by the hospital. When the hospital registered him, as they did on all of his sibling's case they misspelled his and his father's last name by using an "s" instead of a "z" at the end of "Paz."

b- Baptismal Certificate of Rosendo de La Paz shows that he was born in March, 1982 in Houston, Texas. He was baptized on July 8, 1984 when he was two years old. His Baptismal Certificate correctly spells his and his father's last name (Paz) with a "z"

c- Mexican Birth Certificate of Rosendo de la Paz that incorrectly states that he was born in March, 1982 in Michoacan, Mexico. This document was registered by his parents on June 17,

4

1987 when he was already five years old. Moreover, it was registered the same day as the Mexican birth certificate of his sister Guadalupe de la Paz.

d-   U.S. Passport of Rosendo de La Paz issued in March of 2006.

<u>From Guadalupe De La Paz</u>, older sister of petitioner (Attached as Exhibit A, Tab 8)

a-   Texas Birth Certificate of Guadalupe de La Paz that shows that she was born in July, 1983 at the Jefferson Davis Hospital in Houston, Texas. Her birth record was timely filed on July 29, 1983 by the hospital. However, when the hospital registered her, as they did in all of her sibling's cases, they misspelled hers and her father's last name by using an "s" at the end of "Paz."

b-   Mexican Birth Certificate of Guadalupe de la Paz, incorrectly stating that she was born in July, 1983 in Michoacan, Mexico. This document was registered by her parents on June 17, 1987, when she was almost 4 years old. Moreover, it was registered the same day as the Mexican birth certificate of her brother Rosendo.

11.   In the letter Maria Isabel De La Paz gave to the U.S. Consulate she informed them that this was all the evidence that she had and gave them until November 26, 2013 to issue a decision in her case. The letter stated that if no response was received by this date she would deem their non response to constitute a denial her application and would proceed accordingly. As to the filing of these petitioner Maria Isabel De La Paz, nor her counsel of record with DOS (Form DS-5505) has been contacted regarding her application (See Exhibit A, Tab 9.)

12.   On that date the Consul refused to read the letter or review the accompanying documents. Instead, they demanded other documents, including Mexican school records, with her picture. She told them that her school records had no pictures so she

could not comply.

13. On January 20, 2014, Maria Isabel De La Paz thinking that there was no other way to come to the United States to be with her family she attempted to cross into the United States through a place other than a port of entry. However, she was detained by Border patrol for two days and removed again to Mexico on January 22, 2014. While in Border Patrol Custody she told them she was a United States Citizen born in Houston, Texas in a Hospital. No attempt was ever made by these officers to verify her claim. Instead she was told before being returned to Mexico that she could not return to the United States for 20 years, and that if she did, she would be imprisoned.

## V.   CAUSES OF ACTION
### A.   HABEAS CORPUS
### 8 U.S.C. §1252(e)(2) WITH 28 U.S.C. §2241

14.    Maria Isabel De La Paz hereby incorporates by reference the allegations of paragraphs 1 through 13, above.

15.    Maria Isabel De La Paz seeks review of the order of expedited removal, under 8 U.S.C. §1252(e)(2).

### B.   DECLARATORY JUDGMENT
### 8 U.S.C. §1503 WITH 28 U.S.C. §2201

16.    Maria Isabel De La Paz hereby incorporates by reference the allegations of paragraphs 1 though 13, above.

17.    Maria Isabel De La Paz also seeks a declaration that she is indeed a United States citizen, under 8 U.S.C. §1503.

### C.   DECLARATORY JUDGMENT AND CORRESPONDING INJUNCTIVE RELIEF
### 28 U.S.C. §1331 WITH §2201, AND THE APA

18.    Maria Isabel De La Paz hereby incorporates by reference the allegations of paragraphs 1 though 13, above.

19.    Maria Isabel De La Paz seeks a declaration that she is

a United States citizen, and that Defendants acted arbitrarily and capriciously in confiscating her documents, and taking other steps based on their hasty conclusion that she was not a U.S. citizen, which conclusion was reached without meaningful investigation of her claim. There are no administrative remedies for these actions.

20. Maria Isabel De La Paz also seeks corresponding injunctive relief, requiring Defendants to return the documents confiscated from her, to retract any advisals they may have given to other agencies that she allegedly is not a United States citizen, and enjoining them from issuing any such advisals in the future.

### D. DECLARATORY JUDGMENT AND CORRESPONDING INJUNCTIVE RELIEF
### 28 U.S.C. §1331 WITH §2201, AND THE APA

21. Maria Isabel De La Paz hereby incorporates by reference the allegations of paragraphs 1 though 13, above.

22. Maria Isabel De La Paz further urges that the Department of State U.S. Consular Officers acted arbitrarily and capriciously in refusing to review the evidence presented when she applied for her Passport; in demanding documents, many of which do not exist, which appeared calculated to support their theory that she was born in Mexico, in failing to respond to counsel's letter, and refusing to either grant or formally deny her passport application.

23. Maria Isabel De La Paz therefore urges that this Court enjoin Defendant Kerry from not issuing her a United States passport forthwith.

### D. DECLARATORY JUDGMENT AND CORRESPONDING INJUNCTIVE RELIEF
### 28 U.S.C. §1331 WITH §2201, AND THE APA

7

24.     Maria Isabel De La Paz hereby incorporates by reference the allegations of paragraphs 1 though 22, above.

25.     Maria Isabel De La Paz seeks a declaration that the acts of the DHS officers in detaining her and refusing to investigate her claim of birth in a hospital in Houston, Texas, and instead threatening her with possible jail if she did not stay outside of the United States for twenty years violated her rights under the Fifth Amendment of the U.S. Constitution.

26.     Maria Isabel De La Paz will also request a preliminary injunction, allowing her to enter the U.S. to pursue the instant action, and a permanent injunction, enjoining Defendants from not returning the documents confiscated from her.

27.     Maria Isabel De La Paz also seeks an injunction, mandating that Defendants not advise the State of Texas or any state or federal agency of their belief that she is not a United States citizen, or if they have already done so, to retract said advisals, and to take remove from the DHS and DOS computer systems all lookouts and other indications that she is not a United States citizen, and remove any information from the DHS or DOS computer systems indicating that her parents committed fraud in registering her birth in Texas, as having been born here.

## V.   PRAYER FOR RELIEF

Maria Isabel De La Paz urges the Court to issue a Writ of Habeas Corpus, vacating the order of expedited removal, and any order purporting to reinstate said order of expedited removal, on the grounds that she is a United States citizen.

Plaintiff also urges the Court to issue a Declaratory Judgment, declaring Maria Isabel De La Paz to be a U.S. citizen.

Plaintiff also urges the Court to declare that Defendants'

actions violated Ms. Paz' constitutional rights, and issue corresponding injunctive relief, requiring that they: 1) return the documents they confiscated, 2) retract any advisals to the State of Texas or any other State or federal agency that she was born in Mexico; 3) refrain from making any such advisals in the future, 4) remove from the DHS and DOS computer systems all lookouts and other indications that she is not a United States citizen, 5) remove any information from the DHS or DOS computer system that her parents committed fraud in registering her as having been born in Texas, and 6) issue forthwith a United States passport.

Plaintiff further requests a preliminary injunction, refraining and enjoining Defendants from not allowing Ms. Paz to return to the United States for the duration of the instant litigation.

Finally, it is also urged that the Court require Defendants to pay Plaintiffs' costs, and reasonable attorneys fees, and grant such other and further relief as the Court may consider appropriate.

Respectfully Submitted,

s/ Jaime M Diez
Attorney at Law
Jones & Crane
PO BOX 3070
Brownsville, TX 78523
Federal Id:  23118
Texas State Bar: 00783966
(956) 544-3565
(956) 550-0006 (fax)

VERIFICATION OF COUNSEL

I, Jaime M. Diez, hereby certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

s/ Jaime M Diez

**VERIFICATION OF PETITIONER**

I, **Maria Isabel De La Paz,** hereby declare that I am presently at the port of entry in Brownsville, Texas, on the U.S. side of the international boundary, and that I intend to remain here until I have been informed that the above petition has been filed. I also declare that the facts as stated above are true and correct to the best of my knowledge and belief.


_Maria Isabel dela Paz M._
January 24, 2014